IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR PACHECO,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent | No. CR-01-20050-JW<br><br>**ORDER[1] DENYING PETITION TO AMEND JUDGMENT**<br><br>[Re: Docket Item No. 335] |

    Presently before the court is the petition ("Petition") of Victor Pacheco ("Mr. Pacheco"), seeking to amend the court's Judgment dated January 24, 2005 ("Judgment"). See Docket Item No. 335. Mr. Pacheco brings this Petition pursuant to Rule 36 of the Federal Rules of Criminal Procedure, on the basis that the Judgment is not sufficiently clear to enforce the intent of the court. Id. at 8.

    On January 24, 2005, the Honorable James Ware of the United States District Court for the Northern District of California sentenced Mr. Pacheco to a federal term of "One Hundred and Eight (108) Months," with the time to "run concurrently with the sentence previously imposed by the Santa Clara County Superior Court under Docket CC104947." Id. at Exhibit A. Mr. Pacheco argues that, because the federal term is to run concurrent with his state sentence, his federal sentence should

---

[1] This disposition is not designated for publication in the official reports.

1

CASE NO. CR-01-20050-JW
ORDER DENYING PETITION TO AMEND JUDGMENT

be adjusted to account for the prior time he served in state custody. Docket Item No. 335 at 7.

Federal Rule of Criminal Procedure 36 is "a narrow provision limited to correction of errors of no more than clerical significance." United States v. Kaye, 739 F.2d 488, 490 (9th Cir. 1984). Rule 36 states:

> Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders.

Fed. R. Crim. P. 36. "Rule 36 . . . may not be used to correct judicial errors in sentencing." United States v. Penna, 319 F.3d 509, 513 (9th Cir. 2003) (citing United States v. Hovsepian, 307 F.3d 922, 927 (9th Cir. 2002)). "[T]he district court has no discretionary authority under Rule 36 to correct its own errors in imposing an otherwise valid sentence . . . ." United States v. Dickie, 752 F.2d 1398, 1400 (9th Cir. 1985); Kaye, 739 F.2d at 490 ("[T]he provisions of Rule 36 do not permit a substantive change in the period of incarceration which the defendant must serve."); United States v. Daddino, 5 F.3d 262, 264-65 (7th Cir. 1993) (noting that Rule 36 "does not apply to errors made by the court itself" (citing to, among other cases, Kaye, 739 F.2d at 491)).

It appears that Mr. Pacheco is asking the Court to re-calculate his federal sentence to include a downward departure based on time he previously served for his state sentence. Docket Item No. 335, at 7. The court will not do so. The language of the Judgment is clear and unambiguous: Mr. Pacheco's 108-month sentence on January 24, 2005 is to run concurrently with his state sentence. The earliest date a federal sentence can commence is the date it is imposed. Thus, a concurrent sentence commences on the date of its imposition, not the date of commencement of a prior sentence, or some earlier date. Shelvy v. Whitfield, 718 F.2d 441, 444 (D.C. Cir. 1983); United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980). Because Mr. Pacheco's federal sentence was not imposed until January 24, 2005, it could not begin to run concurrently with his state sentence until January 24, 2005.

Mr. Pacheco presents no evidence that the Judgment contained a clerical error. See Minutes from sentencing, Docket No. 308 (stating that federal sentence is to "run concurrently" with the state sentence). Indeed, Mr. Pacheco's request goes far beyond the correction of a mere clerical error; he asks the court to correct an alleged *judicial error* in sentencing. Rule 36 may not be used to correct

judicial errors in sentencing and its provisions do not permit a substantive change in the period of incarceration which the defendant must serve. Penna, 319 F.3d at 513; Kaye, 739 F.2d at 490. As a result, Rule 36 does not authorize any change in the Judgment. For all of these reasons, Mr. Pacheco's Petition is DENIED.

**IT IS SO ORDERED.**

Dated: November 10, 2011

                                          Edward J. Davila
                                          UNITED STATES DISTRICT JUDGE